UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
MICHAEL J. PATTERSON,                          :     NOT FOR PUBLICATION
                                               :
                         Plaintiff,            :
                                               :     MEMORANDUM AND ORDER
            -against-                          :
                                               :     18-CV-4271 (ENV) (LB)
HHC/FED/STATE/CO./LOCAL HEALTH,                :
MENTAL HEALTH, any product, program, or        :
services funded from federal level, Head of Dept. :
of HHS,                                        :
                                               :
                         Defendants.           :
------------------------------------------------------------- x
MICHAEL JEROME PATTERSON,                      :
                                               :
                         Plaintiff,            :
                                               :
            -against-                          :     18-CV-4366 (ENV)(LB)
                                               :
ADA, DOE, VA, SOCIAL SECURITY, DOT,            :
HHS, IRS, 120 LINE PROGRAMS INCLUSIVE,         :
DEPARTMENT OF TREASURY, DOJ,                   :
IMMIGRATION AND NATURALIZATION,                :
HUD, EPA ,                                     :
                                               :
                         Defendants.           :
------------------------------------------------------------- x

VITALIANO, D.J.

Plaintiff Michael J. Patterson filed these *pro se* actions on July 25 and 27, 2018, respectively, and moved to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915. His requests to proceed *in forma pauperis* are granted. For the reasons that follow, both complaints are dismissed, but with leave to replead.

Background

The two hand-written complaints reference general themes of government mismanagement and waste. It is hard to imagine a taxpayer who, at one time or another, is not

1

exasperated by episodes that comfortably fit within the themes of Patterson's complaints. They are, however, matters that the American brand of government reserves for the two other branches; matters courts are not ordinarily tasked to handle. Patterson's complaints do not fit within the judicial framework—they do not suggest a basis for the Court to exercise jurisdiction, much less do they provide any concrete supporting allegations indicating the specific conduct he claims is wrongful and how they are connected to his claims.

The first complaint, against agencies and local health programs receiving federal funding, purports to invoke diversity jurisdiction as well as federal question jurisdiction under a "patients' bill of rights". Compl. I, Dkt. 18-CV-4271. It alleges ineffectiveness "resulting in poor outcomes to include death" based on "personal observation of spending" and "acquisition of tax dollars for duplication of efforts." *Id.* These general statements are not supported by any specific conduct, dates, places, or individuals involved. The relief sought is a "victim's compensation fund," sounding in the nature of a legislative fix, in a "negotiable" amount approaching "trillions" of dollars. *Id.*

The second complaint names as defendants a panoply of federal agencies, as well as unnamed "cabinet and/or agency head[s]", and exhorts the Court to "look them up!" Compl. II, Dkt. 18-CV-4366. This time, too, both diversity and federal question jurisdiction are invoked, the latter based on "[v]iolations & gross negligence representing the taxpayers with poor outcomes resulting in overall poor performances". *Id.* Plaintiff alleges a "lack of fiduciary judgment regarding the excessive waste of the taxpayer's $ with no personal office regarding constituents." *Id.* For relief, Patterson seeks another victim's compensation fund in the lesser amount of $888 million. As with the first complaint, however, the second complaint does not set forth any particularized allegations.

Discussion

The Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the district court must grant leave to amend. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted). However, in keeping with the purposes of the *in forma pauperis* statute, a district court must also be mindful that it is obligated to dismiss a case if the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

There are rules, moreover, that guide all pleaders, including those proceeding *pro se*, regarding the type of content they must include in their complaints. Specifically, Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to provide "(1) a short and plain statement of the grounds for the court's jurisdiction . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). This entails "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* "[A] plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct.

1955, 1965, 167 L. Ed. 2d 929 (2007) (internal quotations and citations omitted).

Patterson's complaints fail to satisfy Rule 8. He suggests financial waste by federal agencies causing losses to taxpayers. But, his complaints do not offer any specific factual allegations of harm or request a matching remedy. Non-particularized injuries to taxpayers are not grounds for a federal lawsuit. *See Hein v. Freedom From Religion Found., Inc.*, 551 U.S. 587, 599, 127 S. Ct. 2553, 2562, 168 L. Ed. 2d 424 (2007). To assert a viable claim, a complaint must do more than raise "only a generally available grievance" based on subjectively perceived harm to "every citizen's interest in proper application of the Constitution and laws." *Id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573-74, 112 S. Ct. 2130, 2143, 119 L. Ed. 2d 351 (1992)). With these shortcomings, the complaints must be dismissed, but, in keeping with the solicitude that must usually be accorded to self-represented litigants, plaintiff is granted leave to file an amended complaint, in conformity with this Order, within 30 days of the entry of this Order on the docket.

## Conclusion

For the reasons set forth above, both complaints are dismissed without prejudice for failure to comply with Rule 8. But leave is granted in each action permitting plaintiff to file an amended complaint in conformity with this Order, if he can do so in good faith. Each amended complaint must comply with Rule 8(a) by clearly stating the grounds for relief and including specific factual allegations against the defendants, including dates and details. In addition, each amended complaint must be captioned "Amended Complaint," and bear the same docket number as the complaint it seeks to replace. If plaintiff fails to timely file an amended complaint in each action within the 30-day period set forth above, judgments dismissing the respective original complaints shall enter. All other proceedings in these actions shall be stayed until further order of the Court.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920-21, 8 L. Ed. 2d 21 (1962).

The Clerk of Court is directed to mail a copy of this Memorandum and Order to plaintiff.

So Ordered.

Dated: Brooklyn, New York
August 9, 2018

/s/ Hon. Eric N. Vitaliano
_____
ERIC N. VITALIANO
United States District Judge